*Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

Reta filed this petition on 16 April 2015, within 30 days of the BIA's dismissing his appeal from the denial of the motion to reopen, but more than 30 days after the BIA's previous decisions. Accordingly, our court has jurisdiction to review only the BIA's 18 March 2015 decision dismissing Reta's appeal from the denial of the motion to reopen. *See* § 1252(b)(1). Therefore, to the extent his petition challenges aspects of earlier BIA rulings, our court lacks jurisdiction to review these contentions.

Although this petition for review is timely as to the BIA's 18 March 2015 decision dismissing the appeal from the denial of the motion to reopen as untimely, Reta failed to challenge before the BIA the IJ's timeliness determination. Rather, he reasserted the merits of his IAC claim. We lack jurisdiction to consider contentions that were not exhausted before the BIA. *See* 8 U.S.C. § 1252(d)(1); *see also Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). We likewise lack jurisdiction to review the IJ's discretion in refusing to *sua sponte* reopen the proceedings. *See Enriquez–Alvarado v. Ashcroft*, 371 F.3d 246, 248–49 (5th Cir. 2004); *see also Mata v. Lynch*, —— U.S. ——, 135 S.Ct. 2150, 2155, 192 L.Ed.2d 225 (2015).

DISMISSED.

**IN RE: DEEPWATER HORIZON**

**Lake Eugenie Land & Development, Incorporated; et al, Plaintiffs**

v.

**BP Exploration; Production, Incorporated; BP America Production Company; BP p.l.c., Defendants–Appellees**

v.

**Andry Law Firm, L.L.C., Movant–Appellant**

**No. 16-30063**

United States Court of Appeals, Fifth Circuit.

Filed: 10/17/2016

Randall Alan Smith, Stephen Michael Gelé, Smith & Fawer, L.L.C., New Orleans, LA, for Movant–Appellant

Richard Cartier Godfrey, Esq., James Andrew Langan, Esq., Kirkland & Ellis, L.L.P., Chicago, IL, Jeffrey Bossert Clark, Sr., Esq., Kirkland & Ellis, L.L.P., Washington, DC, Don Keller Haycraft, Liskow & Lewis, P.L.C., New Orleans, LA, for Defendants–Appellees

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

The Andry Law Firm, LLC ("Andry") moved the district court to enforce its purported settlement with BP Exploration & Production, Inc. ("BP") and "order the Claims Administrator to promptly pay [Andry's] final award in the amount of $7,818,693.95." The district court summarily denied Andry's motion. Andry appeals,

---

asserting that this court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Section 1291 "generally vests courts of appeals with jurisdiction over appeals from final decisions of the district courts." *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 203, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (internal quotation marks omitted). A decision is final when "it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 204, 119 S.Ct. 1915 (internal quotation marks omitted). The district court's decision here is not a final decision because it clearly does not end the litigation between Andry and BP. The decision simply allows the Claims Administrator to comply with the district court's previous order "to process the claim in accordance with its applicable rules and policies."

We therefore DISMISS this appeal for lack of appellate jurisdiction.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under